IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03221-BNB

ALAN R. STORY,

    Plaintiff,

v.

CITY OF FRUITA,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Alan R. Story, a resident of Colorado, submitted *pro se* a Complaint pursuant to 42 U.S.C. § 1983 asking for money damages.

On December 11, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Story to file an amended complaint within thirty days. Magistrate Judge Boland warned Mr. Story that the Court would dismiss the action without further notice if he failed to file an amended complaint that complied with the December 11 order within the time allowed. Mr. Story has failed within the time allowed to file an amended complaint as directed.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the Complaint, Mr. Story asserts a Fourth Amendment claim against the City of Fruita.  Plaintiff complained that Officer Young of the Fruita Police Department came onto his property and pointed a gun in the face of Sara Martinez despite a sign on Mr. Story's property that states "not any government personnel are allowed on this property pursuant to the Fourth, Ninth, and Tenth amendments to the U.S. Constitution."

The December 11 order directing Plaintiff to file an amended complaint identified a number of deficiencies in the Complaint.  The December 11 order informed Mr. Story that municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  The December 11 order further pointed out that Mr. Story cannot state a claim for relief against the City of Fruita under § 1983 merely by pointing to an isolated incident.  *See Monell*, 436 U.S. at 694.

Mr. Story has failed within the time allowed to file an amended complaint that cures the deficiencies in the Complaint and provides specific factual assertions of a direct causal link between a policy or custom and the injury alleged.  The Complaint will be dismissed without prejudice for Mr. Story's failure to comply with the order to submit an amended complaint, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Story files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Alan R. Story, within the time allowed, to file an amended complaint as directed in the order of December 11, 2013 (ECF No. 5), and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 17th day of January, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court